IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


MATTHEW ROBERT YOUNG

          Petitioner,      Civil No. 09-1040-SU


        v.              FINDINGS AND
                           RECOMMENDATION
MARK NOOTH,

          Respondent.


SULLIVAN, Magistrate Judge.

     Petitioner is in the custody of the Oregon Department of
Corrections pursuant to judgments entered in May, 1999.
Petitioner did not directly appeal his convictions, but on
March 31, 2009, petitioner filed a petition for post-

1 - FINDINGS AND RECOMMENDATION

conviction relief in Malhuer County Circuit Court. Respondent's Exhibit 104. That proceeding remains pending.

Petitioner filed a federal habeas petition (#2) September 1, 2009, an Amended Petition (#6) on April 9, 2010, and a second Amended Petition (#16) on April 14, 2009, seeking to "remove" his state post-conviction proceeding to this court. Respondent moves to dismiss without prejudice (#24) on the ground that petitioner has not exhausted his state court remedies.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state

2 - FINDINGS AND RECOMMENDATION

courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).  In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court.  Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

Petitioner's pending state court proceeding constitutes an unexhausted state court remedy.  Accordingly, federal habeas corpus review is premature.

Respondent's Motion to Dismiss (#24) should be allowed. Petitioner's Amended Petition (#16) should be denied without prejudice.  Petitioner's "Pro Se Motion for Proper Case Characterization (#22) should be denied as moot.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

3 - FINDINGS AND RECOMMENDATION

objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. This cause is not appropriate for appellate review. See, 28 U.S.C. § 2253(c)(2).*

DATED this 29th day of JULY, 2010.


s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge